UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  SACV 15-2110-JLS (JCx)                              Date: October 03, 2017
Title:  Robert P. Mosier v. Christopher M. Lee, et al.

Present: **Honorable JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

```
    Terry Guerrero                                    N/A
    Deputy Clerk                                  Court Reporter
```

ATTORNEYS PRESENT FOR PLAINTIFF:    ATTORNEYS PRESENT FOR DEFENDANT:

   Not Present                                        Not Present

**PROCEEDINGS:   (IN CHAMBERS)  ORDER GRANTING DEFENDANT'S MOTION FOR PARTIAL RECONSIDERATION OF ORDER HOLDING DEFENDANT CHRISTOPHER M. LEE A/K/A RASHID K. KHALFANI IN CIVIL CONTEMPT (Doc. 98)**

Before the Court is a Motion for Partial Reconsideration filed by the Court-appointed Receiver Robert P. Mosier regarding the Court's Order Holding Defendant Christopher M. Lee, a.k.a. Rashid K. Khalfani, in civil contempt.  (Doc. 98.)  Defendant Khalfani opposed, and the Receiver replied.  (Opp., Doc. 99; Reply, Doc. 100.)  The Court requested supplemental briefing, which the Receiver filed.  (Ord., Doc. 101; Khalfani's Supplemental Brief, Doc. 102; Receiver's Supplemental Brief, Doc. 103.)  Having read and considered the papers on file and taken the matter under submission, the Court GRANTS the Receiver's Motion for Partial Reconsideration.

## I.  BACKGROUND

On June 18, 2015, the SEC filed a complaint against Khalfani and Capital Cove Bancorp LLC seeking to halt "ongoing offering fraud" by Khalfani and Capital Cove.  (SEC Compl. ¶ 4, No. 8:15-cv-009800JLS0JC, Doc. 1.)  The Court issued a temporary restraining order that same day, enjoining Khalfani from, among other things, directly or indirectly transferring, selling, or otherwise disposing of any real or personal property owned, controlled, or managed by him or any of his subsidiaries or affiliates.  (TRO § VI, No. 8:15-cv-00980-JLS-JC, Doc. 5.)  On September 1, 2015, the Court issued a preliminary injunction continuing to enjoin Khalfani from transferring or otherwise

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. SACV 15-2110-JLS (JCx)            Date: October 03, 2017

Title: Robert P. Mosier v. Christopher M. Lee, et al.

disposing of any real or personal property owned, controlled, or managed by him or any of his subsidiaries or affiliates. (Prelim. Inj. § VI, No. 8:15-cv-00980-JLS-JC, Doc. 97.) The preliminary injunction expressly included the Pomello Property. (*Id*.)

On December 17, 2015, the Receiver initiated the instant action against Khalfani and other Defendants seeking to avoid certain transfers made as part of the fraudulent scheme that precipitated the SEC's action. (*See* MSJ Order at 1-2, Doc. 65.) On December 22, 2016, the Court granted in part and denied in part the Receiver's motion for summary judgment in the action. (*Id*. at 15.) After the Receiver abandoned the claims on which the Court did not grant summary judgment, (Dismissal Order, Doc. 70), the Court entered judgment in the action and ordered, among other things, that Khalfani and Defendant Noojaew Cawte turn over the Pomello Property within 14 days of the entry of judgment. (Judgment at 2, Doc. 71.)

Khalfani and Cawte failed to turn over the Pomello Property as ordered. (Turnover Order at 2, Doc. 81.) On March 16, 2017, upon the Receiver's motion, the Court issued an order compelling turnover of possession of the Pomello Property and granting the Receiver's request to obtain a writ of assistance from the Clerk of the Court. (Turnover Order at 3.)

On April 5, 2017, the Receiver went with four agents from the U.S. Marshals office to the Pomello Property to obtain possession. (Mosier Decl. ¶ 6, Doc. 85.) The Marshals forcibly entered the Property and delivered possession to the Receiver around 8:20 a.m. (*Id*.) At that time, the Property was secure and the Receiver did not see any evidence of prior forcible entry into the house. (*Id*.)

Upon entry, the Receiver noted that fixtures had been removed from the house and substantial damage inflicted on the floors, ceilings, walls, tiles, and appliances. (*Id*. ¶ 7.) On April 10, 2017, the Receiver filed an *Ex Parte* Application for issuance of an order to show cause as to why Khalfani should not be held in civil contempt. (Ex Parte App., Doc. 85.) The Application sought payment of "damages for the cost and restoration and repair of the Property," "reimbursement of the Receiver's legal fees and costs." (*Id*. at 1.) The Court granted the Application on April 13, 2017. (Hearing Order, Doc. 88.) The parties then briefed the matter and the Court held a hearing. (Khalfani's Response, Doc. 89; Reply, Doc. 91; Minutes, Doc. 96.)

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No.  SACV 15-2110-JLS (JCx)                        Date: October 03, 2017
Title:  Robert P. Mosier v. Christopher M. Lee, et al.

On July 25, 2017, the Court issued an order holding Khalfani in civil contempt for the condition of the property and awarding a total of $34,072.51 in civil sanctions to the Receiver.  (Order Holding Defendant in Civil Contempt, Doc. 97.)  The award reflected attorneys' fees incurred in response to Khalfani's failure to comply with the judgment, costs including U.S. Marshal fees, and Receiver fees.  (*Id*. at 15-16.)  The Court did not award requested sanctions for property repairs and maintenance because the Receiver had not properly documented or supported the requests; in fact, the costs had not yet been incurred.  (*Id*. at 16-17.)  The Court further analyzed the damages to the property to determine for which items Khalfani could be held in contempt.  The Court held Khalfani in contempt for (1) removal of the dining room light fixture; (2) damages to the master and guest bathrooms associated with the removal of fixtures; (3) removal of "double oven doors, dishwasher, and the top of the gas range" in the kitchen; (4) removal of carpeting, removal of five specified doors; and (5) removal of pool and spa equipment and expenses to fix standing water issues. (*Id*. at 7-14.)

The Court found that there was insufficient evidence to hold Khalfani in contempt for (1) removal of light fixtures from the bathrooms; (2) cabinet damage in the kitchen; (3) removal of "all" window coverings; (4) removal of seventeen remaining doors; (5) plumbing issues or holes in the ceiling other than those in the guest and master bathrooms; or (6)  landscaping.  (*Id*.)

The Receiver now moves for partial reconsideration of this Court's order and requests additional civil sanctions in the amount of $57,514.00.[1]  (Mot. at 3, Doc. 98.) This amount reflects repairs and construction at the Property, "most of which took place in June" 2017.  (*Id*. at 4–5.)  The charges sought are as follows:

- A portion of a general construction bill totaling $67,387.00, which the Receiver alleges reflects repairs approved in the prior Court Order totaling $50,337.00;
- Pool equipment, drainage, and service charges totaling $5675.00;

---

[1] Although the total of the listed charges is $58,488.12, the motion requests $57,514.00.  In its Supplemental Brief, the Receiver acknowledges the mathematical error and asks the Court to start with the figure of $58,448.12 before making any reductions.  (Doc. 103 at 2 n1.)  Rather than beginning with this figure and subtracting the costs for which the Court does not impose sanctions, the Court instead began from zero and came to the total figure by adding up the costs of the imposed sanctions.  This method properly includes all of the allowable charges.

**CIVIL MINUTES – GENERAL**                  3

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  SACV 15-2110-JLS (JCx)                                     Date: October 03, 2017
Title:  Robert P. Mosier v. Christopher M. Lee, et al.

- Garden maintenance charges totaling $933.75; and
- Utilities charges for June and July 2017 totaling $1502.37.

The Court requested supplemental briefing from the Receiver, including an itemized statement of costs from the construction bill.  Both the Receiver and Khalfani filed supplemental briefs subsequent to the Court's order.

## II.   DISCUSSION

In this district, motions for reconsideration are governed by Local Rule 7-18, which provides:

> A motion for reconsideration of the decision on any motion may be made only on the grounds of (a) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or (b) the emergence of new material facts or a change of law occurring after the time of such decision, or (c) a manifest showing of a failure to consider material facts presented to the Court before such decision.  No motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion.

C.D. Cal. R. 7-18.

The Federal Rules of Civil Procedure further provide for relief from an order for the following reasons:

> (1) Mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. SACV 15-2110-JLS (JCx)　　　　　　　　　　　Date: October 03, 2017

Title: Robert P. Mosier v. Christopher M. Lee, et al.

　　　(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
　　　(4) the judgment is void;
　　　(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
　　　(6) any other reason that justifies relief.

　　In his papers, the Receiver does not identify on what grounds allowed by either the local or federal rules he moves for reconsideration. Instead, the Receiver notes that at the time of moving for civil contempt, he had "not yet incurred the expenses that were projected." (Mot. at 6.) Khalfani argues that the Receiver "failed to either pay or document the costs [of repair] before the hearing, or he chose to file prematurely." (Opp. at 2.) The Court agrees with Khalfani that these expenses were "not a surprise," because at the time of making the original motion the Receiver was aware of the property damage. (*Id.*) In his original motion, however, the Receiver moved for alternative forms of relief, including an order compelling Khalfani to "[i]mmediately return . . . all fixtures removed from" the Pomello property, and civil incarceration to compel Khalfani to return the fixtures. (Ex Parte App. at 4, 18–19, Doc. 85.) Put differently, the Receiver attempted to first reduce repair costs by compelling the return of fixtures, eliminating the need to replace them. Under these circumstances, the Court concludes that the costs incurred to repair and maintain the property that took place after the filing of the original motion, and after it became clear that no fixtures would be returned, constitute sufficiently new materials facts under Local Rule 7-18 to justify reconsideration.

　　The Receiver has properly documented and justified costs for pool equipment and service. The Court previously held Khalfani in contempt for removing the pool and spa equipment from the Pomello property and associated costs to fix any standing water issues. The Receiver has provided invoices documenting his replacement of the pool equipment, and of drainage and maintenance to the pool. (Mot. at Ex. 2-4.) Therefore, the Court awards sanctions for pool repair and maintenance in the amount of $5,675.00

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  SACV 15-2110-JLS (JCx)	Date: October 03, 2017
Title: Robert P. Mosier v. Christopher M. Lee, et al.

The receiver has also properly documented and justified costs for utility charges for June and July 2017.  As set forth in the Receiver's supplemental brief, "the sale of the property was delayed by several months due to [Khalfani's] contempt of this Court's orders," meaning that the Receiver had to incur costs for ongoing property upkeep. (Receiver's Supp'l brief at 2, Doc. 103.)  The Receiver has provided invoices documenting the utility costs.  (Mot. at Ex. 6.)  Therefore, the Court awards sanctions for utility costs in the amount of $1502.37.

The Receiver moves for reimbursement for garden maintenance charges. Landscaping issues, however, were explicitly excluded from the Court's prior order. (Ord. at 15, Doc. 97.)  Accordingly, the Court does not award sanctions for garden maintenance.

Finally, the Receiver asks for a total of $50,337.00 to cover interior repairs to the Property.  His supplemental brief sets forth the items for which he seeks reimbursement. Based on its prior order, the Court finds the following charges to be within the scope of damages caused by Khalfani's contempt:

Master Bath
- $2,408.00: Purchase 1 free standing tub and deck mounted faucet
- $1,060.00: Purchase shower valve and trim, shower head, hand held, robe hook
- $1,552.00: Purchase 2 oversize ova drop-in sinks, 2 faucets
- $281.00: Purchase 1 toilet
- $785.00: Install shower valve with shower, handheld, robe hook
- $890.00: Install free standing tub and faucet
- $90.00: Install toilet with new braided hose
- $600.00: Install 2 sinks and sink faucet
- $610.00: Purchase door hardware and re-install shower door
- $186.00: Purchase tile for Master Bath
- $580.00: Patch tile in Master shower, around windows and tub
- $1,200.00: Build 6 vanity drawers, Stain to match

Powder Room
- $709.00: Purchase shower valve and trim and 1 handheld

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  SACV 15-2110-JLS (JCx)                           Date: October 03, 2017
Title:  Robert P. Mosier v. Christopher M. Lee, et al.

- $776.00: Purchase 1 sink and 1 faucet
- $281.00: Purchase 1 toilet
- $585.00: Install shower valve with shower, and handheld
- $90.00: Install toilet with new braided hose
- $300.00: Install 1 sink and sink faucet
- $580.00: Purchase hinges and door hardware, Reinstall shower door
- $180.00: Purchase tile for Powder bath
- $400.00: Patch tile in Powder room
- $1,200.00: Build 6 vanity drawers, stain to match

Kitchen
- $2,309.00: Purchase double oven
- $2,089.00: Purchase cooktop with downdraft
- $442.00: Purchase dishwasher
- $180.00: Install double oven
- $290.00: Install cooktop with downdraft. Modify existing vent
- $140.00: Install dishwasher

Bathrooms
- $162.00: Purchase and install 1 shower curtain

General
- $8,200.00: Purchase and install carpet pad and carpeting
- $120.00: Purchase and install missing shower head

The total of the above charges is $29,275.00.  The Court excludes the following charges:

Master Bath
- $190.00: Fix pocket door
- $290.00: Fix closet system, Reinstall missing rods as necessary

Kitchen
- $190.00: Patch gap in cabinet frame

Windows
- $2180.00: Patch and touch up paint around windows

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  SACV 15-2110-JLS (JCx)                              Date: October 03, 2017
Title:  Robert P. Mosier v. Christopher M. Lee, et al.

___

Bedroom
- $599.00: Purchase mirrored closet door
- $140.00: Install closet doors

General
- $10,060.00: Purchase 5 Ton Air Conditional Condenser
- $1,000.00: Miscellaneous material
- $440.00: Miscellaneous carpentry
- $280.00: Remove or re-install existing intercom system
- $660.00: Patch drywall
- $640.00: Touchup patches as necessary
- $1,518.00: Purchase and install 2 shower doors
- $780.00: Purchase and paint material and touch up walls
- $500.00: Dumpster fees
- $430.00: Modify air condenser pads to accommodate condensers
- $940.00: Fix central heater located in attic above garage
- $225.00: Troubleshoot and repair refrigerator

These charges relate to items that were not approved in the prior order for civil sanctions. In particular, there was no mention of any air conditioning or heating system, or a refrigerator, in the prior papers, nor do any of the papers argue that the need for such appliances stems from Khalfani's contempt.  The general charges for carpentry, patching drywall, painting, touch ups, and cabinetry repair are not specifically identified as tied to the damages attributed to Khalfani's contempt.  And the $1,518.00 for the purchase and installation of shower doors listed under "miscellaneous" appears duplicative of the separately-listed charges for each bathroom's shower door.  The approved charges are those that present "new" facts, appropriately documenting now-incurred charges for repairs that the Court found attributable to Khalfani's contempt in its prior order.  But the Court concludes that these entirely new charges, for items that were not addressed when the Receiver originally moved for contempt, cannot be considered as "new facts."

   Accordingly, the Court awards an additional $36,452.37 in sanctions: $5,675.00 for pool equipment and service, $1502.37 for utility charges for June and July, and $29,

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  SACV 15-2110-JLS (JCx)                                                        Date: October 03, 2017

Title:  Robert P. Mosier v. Christopher M. Lee, et al.

275.00, representing the portion of the Pozzi construction bill for the items that the Court found attributable to Khalfani's contempt in its previous order.

## V.     CONCLUSION

Accordingly, the Court GRANTS IN PART the Receiver's Motion for Partial Reconsideration.  Khalfani is ORDERED to pay additional civil sanctions of $36,452.37 for the repair and maintenance of the property.  Hence, in total, the Court awards $70,524.88 in civil sanctions in this matter.

Initials of Preparer:  tg